# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br><br> ENERGY FUTURE HOLDINGS CORP., et al., <br><br> Debtors. | Bankruptcy Case No. 14-10979 <br> ADV. No. 14-50405 <br> BAP 15-64 |
| COMPUTERSHARE TRUST COMPANY, N.A. and COMPUTERSHARE TRUST COMPANY OF CANADA, as INDENTURE TRUSTEE, <br><br> Appellant, <br><br> v. <br><br> ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., <br><br> Appellees. | C. A. No. 15-1011-RGA |
| COMPUTERSHARE TRUST COMPANY, N.A. and COMPUTERSHARE TRUST COMPANY OF CANADA, as INDENTURE TRUSTEE, <br><br> Appellant, <br><br> v. <br><br> ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., <br><br> Appellees. | C. A. No. 15-1015-RGA |

## **RECOMMENDATION**

At Wilmington this **20th** day of **November, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in these cases are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties to these appeals have attempted mediation previously, which was unsuccessful, and do not believe that mediation at the appellate level would be productive.

They request the Court implement a briefing schedule consistent with the schedule in a related appeal by the Delaware Trust Company, as indenture trustee for the EFIH First Lien Notes in C.A. No. 15-620-RGA. See D.I. 35 in C.A. No. 15-620-RGA. The schedule in that matter was Appellant's opening brief due after entry of a scheduling order; Appellees' answering brief due 30 days after the filing of the opening brief and Appellant's reply brief due 14 days after the filing of the answering brief.

No request is made to modify the word and/or page limits for briefs in bankruptcy appeals.

In these appeals and the related matter referenced above, the Bankruptcy Court in separate rulings and opinions construed the first and second lien indentures, finding that neither provided for a make-whole payment upon a bankruptcy-induced

2

acceleration. Because the operative language in the two indentures is substantially the same and four[1] matters are now before this Court on appeal, the parties further request that the four appeals be consolidated, with one consolidated briefing schedule be entered.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters, like the companion matter at 15-620-RGA, be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since the parties requested that these cases be removed from mandatory mediation, no objections to this Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

---

[1] Another related appeal has also been filed in this court, *ComputerShare Trust Company, N.A. et al v. Energy Future Intermediate Holding Company, LLC, et al.*, C. A. No. 15-1014-RGA, in which a similar Recommendation was entered November 20, 2015.

3